UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEKBAHADUR KHATRI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>Respondents. | Case No.:  26-CV-927 JLS (BJW)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 3) |

Presently before the Court are Tekbahadur Khatri's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("TRO," ECF No. 3).  Also before the Court is Respondents' Return to Petition for Writ of Habeas ("Ret.," ECF No. 5) and Petitioner's Traverse ("Traverse," ECF No. 6).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a citizen of Nepal, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since March 5, 2025, when he entered

1

the United States.  Pet. ¶ 51.  Petitioner was determined to have a credible fear of persecution and was thereafter placed into removal proceedings.  *Id.* ¶ 54.  Petitioner submitted an asylum application on October 30, 2025.  Ret. at 2.  Petitioner's final merits hearing is scheduled for May 5, 2026.  *Id.* at 3.  Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment and INA § 235(b).  *See generally* Pet.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.    Jurisdiction

Respondent argues that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claims arise from DHS's decision to commence removal proceedings. Ret. at 4–5.  The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) should be read "narrowly"

as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Ibarra-Perez v. United States, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." Id. at *7. Section 1252(g) does not bar due process claims. Walters v. Reno, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Traverse at 2. Rather, Petitioner is challenging his prolonged detention without a bond hearing. Id. at 3. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—not the legitimacy of the removal proceedings or any removal order." Garcia v. Noem, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.   Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." Amado v. United States Dep't of Just., No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." Singh v. Barr, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future

26-CV-927 JLS (BJW)

detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention without a bond hearing, nearing one year, weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that "the outcome of removal proceedings remains uncertain, and any decision may be appealed to the Board of Immigration Appeals and potentially the Ninth Circuit," which "may take years." Traverse at 6–7 (citations omitted). Respondents argue that after the schedule merits hearing, "the path to release or removal should be clear." Ret. at 9–10. The Court disagrees, as the outcome of Petitioner's merits proceedings is unknown, and any appeals to follow may take several years. *See Guatam*, 2026 WL 25846, at *5 ("[A] removal order may not become final until after the appeals Petitioner could file, to both the Board of Immigration Appeals and Ninth Circuit."); *Prabhpreet v. LaRose*, No. 26-CV-393-JES-SBC, 2026 WL 310192, at *4 (S.D. Cal. Feb. 5, 2026) ("Petitioner has an upcoming hearing . . . but Petitioner alleges that he has had other scheduled hearings that have been moved and there is also no indication that this hearing will even result in a final decision in his removal proceedings."); *Zarei v. LaRose*, No. 26-CV-0308-GPC-MMP, 2026 WL 252585, at *5

26-CV-927 JLS (BJW)

(S.D. Cal. Jan. 30, 2026) (finding that likely duration of future detention weighed in favor of petitioner with upcoming merits hearing).

Delay in removal proceedings is neutral since the record, as presented to the Court, does not indicate any delay by Respondents or Petitioner. *See Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *5 (S.D. Cal. Jan. 30, 2026).

In balancing these factors and affording greater weight to the length of Petitioner's detention, the Court finds that Petitioner's allegations establish that his detention is unreasonably prolonged. *See id.* at *4 ("The total length of detention is considered the most important factor.") (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)).

**III.   Attorney's Fees**

Petitioner's counsel requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet. at 20. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

/ / /

/ / /

/ / /

26-CV-927 JLS (BJW)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.  The Parties **SHALL FILE** a Joint Status Report by <u>March 20, 2026</u>, informing the Court of the outcome of the hearing.  As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.  Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  February 27, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-927 JLS (BJW)